## Lockhart *against* Power.

| 2 W | 371 |
| 27 SC | 95 |

If too many persons be made plaintiffs, the objection, if it appear on the record, may be taken advantage of either by demurrer, in arrest of judgment, or by writ of error.  Hence, if one be joined in an action of partition as plaintiff, who had previously parted with his title, it is fatal to the plaintiff's action.

WRIT of error to the common pleas of *Tioga* county.

This was an action of partition by Margaret Power, Sarah Power, Maria Power, Thomas Lewis and others against Josiah Lockhart, who pleaded *non tenet insimul*.  On the trial it appeared that Margaret Power and Thomas Lewis had parted with their title previously to the commencement of the action : and this was made a ground of objection to the plaintiffs' right to recover.  The court below did not sustain the objection, and the plaintiffs obtained a judgment *quod partitio fiat,* and did make partition.

*Parsons,* for plaintiff in error, cited, 1 *Chitty's Pl.* 9 ; 2 *Penn. Prac.* 104 ; 2 *Saund.* 217 ; Perry *v.* Aaron, 1 *Johns. Rep.* 129 ; Sweigert *v.* Berk, 8 *Serg. & Rawle* 308 ; Jackson *v.* Myers, 14 *Johns. Rep.* 354 ; Bonner *v.* Kennebeck, 7 *Mass.* 475.

*Lewis* and *Williston,* for defendants in error.

The opinion of the Court was delivered by

KENNEDY, J.—*Margaret Power,* Sarah Power, Maria Power, Alexander Power, Louisa Power and William Power, heirs of Alexander Power deceased, assignee of Ephraim Hunter, and *Thomas Lewis,* Enoch Passmore and wife and others, heirs of Lewis Lewis deceased,

[Lockhart v. Power.]

all joined as co-plaintiffs in the court below in bringing this suit, which is an action of partition, against the plaintiff in error. He pleaded *non tenet insimul,* upon which issue was taken and the cause tried. On the trial, it appeared that *Margaret Power* and *Thomas Lewis,* two of the plaintiffs below, had no right nor interest in the land of which partition was demanded. Although they once had, yet it was shown that they had disposed of their respective interests in it before the commencement of the action. This being shown, the court, among other things, was requested by the counsel for the defendant there, to charge the jury that the plaintiffs could not sustain this action, because Thomas Lewis and Margaret Power, two of the plaintiffs, had no interest in the lands. To this the court replied, and told the jury, " that the defendant could not resist a recovery upon this issue, by the plaintiffs otherwise entitled to recover, upon the ground that others were joined with them who had no interest in the lands." The charge of the court below in this behalf, as well as several other things, have been assigned for error; but the charge of the court to the jury on the point just mentioned, being considered by this court erroneous, and the objection involved in it not only such as must reverse the judgment, but likewise such as must hereafter preclude a recovery by the defendants in error in this action, it is deemed unnecessary to give any opinion on the other errors assigned.

The rule is well established that if too many persons be made co-plaintiffs, the objection, if it appear on the record, may be taken advantage of, either by demurrer, in arrest of judgment, or by writ of error. 1 *Chitty's Pl.* 54; Cooke et al. *v.* Batchelor, 3 *Bos. & Pul.* 150; 2 *Saund.* 116 *a,* note 2; Worsley *v.* Charnock, *Cro. Eliz.* 473.

No good reason can be shown, I apprehend, for exempting an action of partition from the operation of this rule. It being a real action in its nature, and particularly from the nature of the general issue that is appropriate to it, if there be any difference between it and mere personal actions of *tort,* it is that the rule seems to be applicable to it, when too many persons are made co-defendants, as well as where too many join in becoming co-plaintiffs, which is not the case in personal actions for *tort.* 1 *Chitty's Pl.* 75, 76. As where there were two joint tenants for years, and one suffered a stranger to occupy his moiety with him; the other brought a writ of partition against his companion and the stranger, supposing that his companion had granted a moiety of his part to the stranger. The stranger showed that he was but tenant at will to the companion, and so the writ was abated. Beedle *v.* Clerke, *Cro. Jac.* 218.

The judgments and all proceedings in the case are reversed.