# First National Bank of Allentown *versus* Hoch.

1. A national bank has no charter, statutory or incidental powers to act as a broker or agent in the purchase of bonds and stocks.

2. Where a paper on its face shows the transaction not to be within the usual course of business of such a bank, it is not binding on the bank, although signed by the president thereof as such officer.

3. The president is the executive agent of the board of directors, within the ordinary business of the bank, but cannot bind it by a contract outside thereof without special authority.

4. H. left a thousand dollars with the president of a national bank and took the president's receipt in these words: " Received of H. $1000, to be invested in bonds of the city of Allentown, bearing seven per cent. interest. Interest on said deposit to be allowed from this date and to be accounted for on demand." The money was misappropriated, and H. sued the bank there for. *Held*, that he could not recover.

[Bank of Allentown v. Hoch.]

March 5th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, WOODWARD, TRUNKEY and STERRETT, JJ. PAXSON, J., absent.

Error to the Court of Common Pleas of *Lehigh county* : Of January Term 1879, No. 169.

Assumpsit by William Hoch against the First National Bank of Allentown, to recover the balance due on an alleged certificate of deposit. The bank pleaded the general issue, and specially that the paper sued on was not the assumption and promise of the bank; that the president of the bank had exceeded his authority in giving it; and that the money left by Hoch had never been received by the bank.

On December 18th 1875, William Hoch, the plaintiff below, called on William H. Blumer, the president of the First National Bank, for the purpose of purchasing bonds of the city of Allentown. The office of city treasurer was in the same room where the bank did business, and the cashier of the bank was the city treasurer. As the bonds were not ready for delivery, the sum of $1000 was left with William H. Blumer, and he gave a receipt as follows :—

"$1000.  Allentown, Dec. 18th 1875.

Received of Mr. William Hoch, one thousand dollars, to be invested in bonds of the city of Allentown, bearing seven per cent. interest. Interest on said deposit to be allowed from this date and to be accounted for on demand.  W. H. BLUMER,
President First Nat. Bank."

June 23d 1876, Mr. Hoch received from J. A. Blumer, who was the treasurer of the city, one bond for $500, and the following was endorsed on the receipt :—

"Received, June 23d 1876, of J. A. Blumer, one bond of city of Allentown, No. 210, five hundred dollars, on account of within receipt.  WILLIAM HOCH."

It was shown that J. A. Blumer received the money and deposited it to his individual account. Hoch did not keep an account with the bank. He made a demand on the bank for the remainder of the bonds or the money and was refused. He then brought this suit. The court (Albright, P. J.), directed the jury to return a verdict in his favor, holding the receipt to be a deposit. There was a verdict and judgment accordingly, when the bank took this writ and assigned this instruction for error.

*Edward Harvey* and *R. E. Wright, Jr.*, for plaintiff in error.— The money was received by Mr. Blumer for the special purpose of investment in designated securities. It was not to be the money of the bank; it was not to be credited to the account of Hoch; was not to be liable to check; and all that the paper promises is that

[Bank of Allentown v. Hoch.]

bonds will be purchased and only interest is to be paid or accounted for on demand. In other words, a bailment was created, and all that the bank was to do was to use the money to furnish the bonds. As the word deposit is understood in the commercial world it signifies the paying of money into a bank, which is passed to the credit of the owner and is subject to his draft, check or order : Commercial Bank of Albany v. Hughes, 17 Wend. 94 ; Marine Bank v. Fulton Bank, 2 Wall. 252 ; F. & M. Nat. Bank v. King, 7 P. F. Smith 202 ; Foley v. Hill, 2 H. L. 28.

Again, the paper is an agreement to invest the principal in bonds and to account for interest on demand. Only the interest is to be accounted for on demand. As the principal was to be clothed in city bonds, Hoch could demand these bonds and the interest. If there was a failure or omission to get the bonds he could demand the money, not upon the paper in evidence, but upon the implied promise to refund it. But if the bank never received the money there was no implied promise to refund it. Hoch also knew that he was not opening a bank account by making a deposit. He was not making the bank his debtor but his agent, and therefore knew that what was done transcended the authority of the president. If he was misled by the act or promise of Blumer, he could not recover from the bank without showing that the act or promise was within the scope of the general usage and course of business of the bank, for it is only in such transactions the corporation is liable : Lloyd v. West Branch Bank, 3 Harris 172.

The contract was *ultra vires* of the bank : Shinkle v. First Nat. Bank of Ripley, 22 Ohio St. 516 ; Fowler v. Scully, 22 P. F. Smith 456 ; First Nat. Bank v. Ocean Bank, 60 N. Y. 287 ; Wecklin v. First Nat. Bank of Hagerstown, 42 Md. 581 ; First Nat. Bank of Charlotte v. Exchange Bank, 2 Otto 122 ; Venango Nat. Bank v. Taylor, 6 P. F. Smith 14 ; First Nat. Bank of Rochester v. Pierson, 16 Albany L. J. 319 ; Wiley v. First Nat. Bank of Brattleboro, 47 Vt. 546.

It was *ultra vires* of the president of the bank : Dorsey v. Abrams et al., 4 Norris 299 ; First Nat. Bank v. Ocean Nat. Bank, 60 N. Y. 278 ; Bank of U. S. v. Dunn, 6 Pet. 51 ; United States v. Bank of Columbus, 21 Howard 356 ; Shryock v. Basehore, 1 Norris 159 ; Lloyd v. West Branch Bank, 3 Harris 174.

*William P. Snyder* and *John Rupp*, for defendant in error.—
This paper is not merely a contract to buy bonds of the city of Allentown, but it is something more. It is a certificate that Mr. Hoch has deposited in the First National Bank of Allentown, $1000, which, with interest, is to be accounted for on demand. The bank could have discharged it at any time it saw fit, by paying or tendering the money to Mr. Hoch, and he might have gone

[Bank of Allentown *v.* Hoch.]

to the bank at any time during banking hours and demanded the money.

Hoch paid the money to an officer of the bank, and if he was in default, and did not make the proper entries in the books of the bank, Hoch is not to be prejudiced thereby. The money having gone into the bank, through its proper officer, it is bound to repay it on demand, in accordance with the terms of deposit.

Mr. Justice MERCUR delivered the opinion of the court, May 5th 1879.

The plaintiff in error is a national bank. This suit was against the bank, on a receipt signed by the president thereof, in the following words, to-wit:

"$1000.                                Allentown, Dec. 18th 1875.

Received of Mr. William Hoch, one thousand dollars, to be invested in bonds of the city of Allentown, bearing seven per cent. interest. Interest on the said deposit to be allowed from this date and to be accounted for on demand.          W. H. BLUMER,
                                    President First Nat. Bank."

The defendant in error failing to obtain all the required bonds, or a return of the residue of the money, brought this suit.

The court directed the jury to return a verdict in his favor.

It is well recognised law, that a national bank is not, by its charter, authorized to act as a broker or agent in the purchase of bonds and stocks. Its specified powers given by statute, nor its incidental powers necessary to carry on the business of banking, do not extend to the transaction of such business: First Nat. Bank of Charlotte *v.* Exchange Bank, 2 Otto 122; Fowler *v.* Scully, 22 P. F. Smith 462. When the paper on its face shows the transaction not to be within the usual course of business of the bank, it is not binding on the bank, although signed by the president thereof, as such officer. He is the executive agent of the board of directors within the ordinary business of the bank, but cannot bind it by a contract outside thereof, without special authority. I do not understand these general rules to be denied. Some of them are expressly admitted, and the others impliedly conceded by the court below, and by the counsel for the defendant in error. The court ruled the case on the construction it gave to the receipt. The learned judge said to the jury, "The question as to whether the plaintiff is or is not, entitled to recover in this action, depends upon the construction that is put upon the receipt of December 18th 1875, which has been offered in evidence. It is the duty of the court to construe this paper. If this were an obligation on the part of the bank to purchase and furnish the plaintiff with the kind of security mentioned in the paper, it would be beyond the power of the bank or its president to enter into that obligation, and the plaintiff would

[Bank of Allentown *v.* Hoch.]

not be entitled to recover.   But I construe this paper to mean that it is an acknowledgment that the plaintiff did pay to the president of the defendant $1000, which was treated, according to the terms of the paper, as a deposit, and might be discharged by the bank, either by furnishing the bonds of the city of Allentown, or by repaying the money with interest.''

It was undoubtedly the duty of the court to construe the paper; but we cannot concur in the construction given.   The principal object of the contract, clearly shown by the receipt, was the purchase of bonds.   That was the specific purpose for which the money was left and received.   The language of the receipt assumed that the desired bonds could not then be procured, and to prevent a loss of interest in the meantime, to the defendant in error, the latter clause was added.   The primary thought and main intent of the contract was a purchase of bonds.   The secondary one was to procure interest until the investment could be made.

While the word "deposit" does appear in the receipt, yet it is evidently used as a synonym for money or fund.   The receipt does not state that the money is left as in the case of an ordinary deposit; nor that it shall be deposited in bank to his credit; nor was it ever so deposited.   It was put in the hands of the city treasurer on the very day of its receipt, presumably for the purpose of getting the city bonds.   The bank never received the money. It was never subject to the check drawn by the defendant in error on the bank.   Although the transaction was with Blumer, as president of the bank, yet, in all legal aspects, it was with him as an individual.   Upon the uncontradicted testimony, the defendant in error was not entitled to recover.

Judgment reversed.