## McNulty to use *v.* O'Donnell, Appellant.

*Practice, C. P.—Parties—Misjoinder of parties—Breach of distinct and independent contracts.*

A motion in arrest of judgment after trial and verdict should be sustained where the record clearly establishes that the beneficial plaintiff seeks to recover in a single action, brought in the name of three legal plaintiffs, the damages alleged to have arisen from the nonperformance of three dis-

tinct and independent contracts, each one of which was entered into by the defendant with one of the legal plaintiffs, individually and severally.

Argued Oct. 28, 1904. Appeal, No. 184, Oct. T., 1904, by defendant, from order of C. P. Potter Co., June T., 1903, No. 284, refusing motion in arrest of judgment in case of Mike McNulty and Thomas Moran for use of Mike McNulty and John Mawn for use of Mike McNulty v. Thomas O'Donnell. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Appeal from justice of the peace.

The opinion of the Superior Court states the case.

*Error assigned* was in refusing motion in arrest of judgment.

*C. Lee Peck,* with him *C. L. Peck,* for appellant.—The use party must bring suit in the name of the legal plaintiff: Cummings v. Lynn, 1 Dall, 444; Guthrie v. White, 1 Dall, 268; Robertson v. Reed, 47 Pa. 115; Sturdevant v. Roberts, 5 Kulp, 99; Biddle v. Sheep, 20 Pa. C. C. Rep. 548.

*Arch. F. Jones,* with him *A. S. Heck,* for appellee.—Where a plaintiff has several distinct causes of action he is allowed to pursue them cumulatively in the same suit subject to certain rules which the law prescribes as to joining such demands only as are of similar quality or character: Patterson v. Anderson, 40 Pa. 359; Murray v. Williamson, 3 Binn. 135; McCullum v. Coxe, 1 Dallas, 139; Jones v. Martins, 13 Pa. 614; Canby v. Ridgeway, 1 Binn. 496; Fetterman v. Plummer, 9 S. & R. 20; North v. Turner, 9 S. & R. 244; Coffey v. White, 14 W. N. C. 108; Browne v. Weir, 5 S. & R. 401.

OPINION BY PORTER, J., January 17, 1905 :

The record clearly establishes that the beneficial plaintiff, McNulty, seeks to recover in a single action, brought in the name of three legal plaintiffs, the damages alleged to have arisen from the nonperformance of three distinct and independent contracts, each one of which was entered into by the defendant with one of the legal plaintiffs, individually and severally. The defendant had entered into three several contracts for the pur-

chase of apples from McNulty, T. L. Moran and John Mawn, respectively, which contracts were wholly disconnected, the respective vendors being interested only in the contract for the sale of his own apples.   After the alleged default of the defendant, Moran and Mawn, respectively, assigned their claims to McNulty.   The assignment of the personal contracts by Moran and Mawn, respectively, did not vest in the plaintiff the right to proceed for a nonperformance of those contracts by an action in his own name, he must sue in that of his assignor: Cummings v. Lynn, 1 Dallas, 444; Guthrie v. White, 1 Dallas, 268; Robertson v. Reed, 47 Pa. 115; Chitty's Pleading, vol. 1, chapter 1.   The plaintiff recognized this rule, and as a result we have in this case three legal plaintiffs: McNulty in his own right, Moran to the use of McNulty and Mawn to the use of McNulty.   The legal plaintiffs had no joint right under any one of the contracts.   Moran and Mawn could not have brought a joint action against the defendant upon the contracts which he had entered into with them severally.   And what they could not have done prior to the assignment cannot be done afterwards by their assignee, for the causes of action have not been changed, and the legal plaintiff in any suit upon either of the contracts must still remain the same.   Three legal plaintiffs cannot maintain a joint action upon three unconnected contracts, each one of which respectively has been entered into by one of the respective legal plaintiffs, acting severally.   The evidence was in accord with the pleadings and presented nothing which would have warranted an amendment under which a recovery might have been sustained.   The motion in arrest of judgment should have been sustained: Lockhart v. Power, 2 Watts, 371.

The judgment is reversed.