## Jelicanin v. McGarr.

*Joint and several contracts—Non-joinder of party.*

Plaintiff brought suit to recover down-money paid the defendant upon an agreement which set forth that plaintiff and his wife were parties of the second part, but the agreement was never signed by his wife, and the receipt for the money showed that it had been paid by the plaintiff: *Held*, that the agreement was not a joint one, and that suit was properly brought by the plaintiff alone without joining his wife.

Statutory demurrer.   C. P. Northampton Co., Sept. T., 1922, No. 68.

*Russell C. Mauch*, for plaintiff;   *Herbert J. Hartzog*, for defendant.

STEWART, P. J., Oct. 30, 1922.—Plaintiff brought suit to recover $500 which he had paid the defendant on a written contract for the sale of real estate, which plaintiff avers he at all times was willing to perform, but that, after the plaintiff had entered into possession of the real estate, the defendant evicted him without any cause; wherefore the sum of $500 should be repaid to the plaintiff, with interest.   A copy of the agreement in suit sets forth that it was made between Joseph McGarr, of the one part, and Ivan Jelicanin and Julia, his wife, of the other part.   Throughout the agreement the parties of the second part are referred to as "said party of the second part," but the agreement is signed by only Joseph McGarr and Ivan Jelicanin.   Endorsed on the agreement is the following receipt:

"Received, May 22nd, ——————— 1917, of Ivan Jelicanin ——————— ——————— Five Hundred ——————— Dollars, on account of the purchase of the above premises.   Joseph McGarr."

The defendant has filed an affidavit of defence in lieu of demurrer under the Practice Act of May 14, 1915, P. L. 483.   Under section 20, the court must first dispose of this matter.   Four causes of demurrer are set forth.   Three of them are to the effect that Julia Jelicanin is a necessary party plaintiff; that she was not added to the record; that it is not averred in the statement that she performed, or tendered performance, of the contract; and that, under the contract, it would be wrong to repay the said sum of money to Ivan Julicanin.   The learned counsel cites Marys *v.* Anderson, 24 Pa. 272, in support of his contention that the contract being joint, the wife must join in the suit.   If his premise is correct, that conclusion would follow, but this contract is not a joint contract.   Even though the name of the wife appears in the contract, it was executed by the husband alone, and the receipt shows that the money was paid by him alone.   No support to defendant's contention is afforded by the mere inclusion of the wife's name in the contract.   In the case of a bond, where the bond on its face shows that it was proper for a number of persons to sign, but one or two refused to sign, it has been held that the bond was binding on those who did sign.   See Keyser *v.* Keen, 17 Pa. 327; Whitaker et al. *v.* Richards et al., 134 Pa. 191, and Gleeson's Estate, 192 Pa. 279.   Those cases present much stronger grounds for equitable relief than the present case.   In fact, no reason is apparent why the defendant herein should object to the non-joinder of plaintiff's wife.   The fourth cause is merely formal.   We see no defect in the statement.

And now, Oct. 30, 1922, questions of law raised in defendant's affidavit of defence are decided against the defendant.   Leave is granted him to file a supplemental affidavit of defence to the averments of fact in the statement within fifteen days from date.

From Henry D. Maxwell, Easton, Pa.