## Block v. First National Bank of Girardville.

*Practice, C. P.—Parties—Misjoinder—Joint and several contracts.*

1. An action upon a joint contract alleging breach thereof must be jointly pursued.

2. Two or more different legal plaintiffs cannot join in one action upon two or more unconnected contracts, even though the contracts be executed by the same obligor.

3. A single plaintiff cannot join an action upon a contract with the defendant, in which the plaintiff is one of two joint obligees, with an action upon a several contract between plaintiff and defendant.

*Contracts—National banks—Principal and agent—Purchase of corporate stock.*

4. A contract for the purchase of the capital stock of a corporation by a national bank, acting as agent or broker for the purchaser, is unenforceable.

Statutory demurrer. C. P. Schuylkill Co., Sept. T., 1922, No. 531.

*E. D. Smith,* for plaintiff; *M. A. Kilker,* for defendant.

Berger, J., Jan. 1, 1923.—This case has been set down for hearing and disposition under the provisions of section 20, Practice Act, 1915. The plaintiff has declared upon two distinct oral contracts. The first contract is a joint one, and is thus set forth in paragraph 1 of plaintiff's statement of claim:

"1. On Dec. 13, 1921, the plaintiff ordered and directed The First National Bank of Girardville, the defendant, to buy, and the defendant agreed and

undertook to buy, for the plaintiff and for Jenny Block, 100 shares of the capital stock of the General Motors Corporation, and on said date the plaintiff paid to the First National Bank of Girardville, the defendant, the sum of Eleven Hundred and Fifteen Dollars ($1115.00) in payment of 100 shares of the capital stock of the General Motors Corporation, and in consideration of the defendant's undertaking."

The second contract is a several one, and is stated as follows in paragraph 4 of the plaintiff's statement of claim:

"4. That on Dec. 14, 1921, the plaintiff ordered and directed the First National Bank of Girardville, the defendant, to buy, and the defendant agreed and undertook to buy, for the plaintiff 100 shares of the capital stock of the Erie Railroad Company, and on said date the plaintiff paid to The First National Bank of Girardville the sum of Eleven Hundred and Fifteen Dollars ($1115.00) in payment of 100 shares of the capital stock of the Erie Railroad Company, and in consideration of the defendant's undertaking."

The action, as stated in the writ, is a several one, brought by Samuel Block as plaintiff. A single plaintiff, therefore, joins an action upon a contract with the defendant, in which the plaintiff is one of two joint obligees, with an action upon a several contract between the plaintiff and the defendant.

The affidavit of defence sets up nine grounds of demurrer to the plaintiff's statement of claim, of which the first and seventh appear to us to be controlling. They are as follows:

"1. The plaintiff's statement does not set forth a good right or cause of action against the defendant.

"7. The alleged contracts referred to in the plaintiff's statement of claim are illegal and void."

The first ground of demurrer properly challenges the plaintiff's statement of claim by charging a misjoinder. An action upon a joint contract alleging breach thereof must be jointly pursued: Marys v. Anderson, 24 Pa. 272, 276. In Hines v. Schmehl, 257 Fed. Repr. 69, Morris, District Judge, said: "It is an elementary rule of the common law that where a contract is joint and not several, all the joint obligees or covenantees who are alive must be joined as plaintiffs: Farni v. Tesson, 1 Black. 309, 17 Law Ed. 67. A joint contract with several cannot be enforced by one of them alone: Cannon v. Maull, 4 Har. (Del.) 223. In Marys v. Anderson, 24 Pa. 272, the court applied the rule that where the contract is joint, so also is the remedy, and held that one tenant in common may not maintain an action to recover his share of the rent from the lessee, where the lessee's contract is to pay the rent as a whole to all the lessors."

When a declaration in an action ex contractu charges two persons jointly, there can be no recovery save upon proof of a joint liability: Rowan v. Rowan, 29 Pa. 181; Clausius v. Clausius, 18 Schuyl. Legal Rec. 71. The fact that the obligation in the instant case runs from one obligor in favor of two obligees does not take it out of the principle stated.

If it be said that the first contract alleged to have been breached is now several, although originally made by Samuel Block and Jennie Block jointly with the defendant, for the purchase of 100 shares of the capital stock of the General Motors Corporation, because in the second paragraph of plaintiff's statement it is alleged that fifty shares of that stock, or one-half of the quantity which was to have been purchased, were delivered to Jennie Block, the answer is that the contract itself does not apportion the interest in the 100 shares of stock which were to have been purchased between the parties for whom the purchase was to have been made. Where two or more persons

3 D. & C.

make a joint contract, one of them cannot, either in his own name or in the name of the other parties to his own use, maintain an action to recover a proportionate part of the contractual obligation: McGara *v.* Ake, 226 Pa. 228. The only proper party plaintiff upon the first contract can be Samuel Block and Jennie Block, and upon the second contract Samuel Block alone can become the plaintiff. If the case were, therefore, permitted to proceed to trial and resulted in a verdict upon either contract against the defendant, a motion in arrest of judgment would have to be sustained. Two or more different legal plaintiffs cannot join in one action upon two or more unconnected contracts, even though the contracts be executed by the same obligor: McNulty, to use, *v.* O'Donnell, 27 Pa. Superior Ct. 93. The complaint states different causes of action where it sets out and seeks to recover upon separate and distinct contracts: 1 Corpus Juris, 1058.

Turning now to the second ground of demurrer, or that the contracts sought to be enforced are illegal and void, the question raised is fatal to the maintenance of the plaintiff's action. Oral contracts are sought to be enforced. The action is brought in affirmance of these contracts. The contracts declared upon being for the purchase of the capital stock of another corporation by a national bank acting as agent or broker for the plaintiff, or plaintiffs, are unenforceable: Fowler *v.* Scully, 72 Pa. 456, 468; First National Bank of Allentown *v.* Hoch, 89 Pa. 324, 327.

The demurrer must be sustained and judgment entered in favor of the defendant: Bovaird *v.* Barrett & Son, 78 Pa. Superior Ct. 69.

And now, Jan. 1, 1923, demurrer sustained and judgment is hereby directed to be entered in favor of the defendant.

From M. M. Burke, Shenandoah, Pa.