JOHN A. GOODENOUGH'S ADMX. *v.* VERMONT-PEOPLE'S NATIONAL BANK.

October Term, 1933.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed November 7, 1933.

*Dana B. Jefferson* (of Boston, Mass.), and *Albert T. Bolles* for the plaintiff.

*Frank E. Barber* and *Edwin W. Lawrence* for the defendant.

POWERS, C. J. The administratrix of the estate of John A. Goodenough brings this action against the defendant as the successor of the Vermont National Bank. The claim is predicated upon an alleged oral agreement made with the plaintiff by Mr. Averill, president of the bank aforesaid on March 12, 1912, of the following tenor: If the plaintiff would go into the state of New York and there institute legal proceedings to establish as a lost instrument a certain will of a Mrs. Wallace, which will was said to contain a bequest of $75,000 to said Goodenough, and which the plaintiff then claimed had been wrongfully`allowed by said bank to be withdrawn from a safety deposit box

in its vault and then lost, and if she failed in that litigation, said bank would pay her the amount of money aforesaid. It is further claimed that the plaintiff, relying upon this promise, did institute such proceedings, and did fail therein, and that the bank, though requested, refuses to pay the amount specified.

The trial below was by jury, and at the close of the plaintiff's evidence, a verdict for the defendant was ordered and returned, judgment was rendered thereon, and the plaintiff excepted.

Passing over the question whether the case is so adequately briefed by the plaintiff as to require any attention at all; and passing over the question of the sufficiency of the various exceptions which the plaintiff attempted to save; and passing over the question whether there is any evidence in the record tending to make the defendant liable on the contracts of the Vermont National Bank; and passing over the question whether, owing to its inherent improbabilities, the evidence of the alleged contract had sufficient probative value to require its submission to the jury; we take up what we regard as the controlling question in the case: Was the aforesaid bank liable on the contract of its president—if that contract was ever made?

■ ■ There was no proof or offer of proof that the president was in any way known to the law specially authorized to make such a contract. Indeed, counsel for the plaintiff admitted that much. All that was proved or claimed was that his office as president carried with it the power to bind the bank by such a contract. So if the plaintiff can recover at all, it must be because a bank president has such power and authority by virtue of his office. This he does not have. The president of a bank may be given such authority by the charter, by-laws, or vote of the governing board of the bank; and, in some cases, by allowing him to act as the managing officer of the corporation; or, in others, by holding him out as one vested with such authority. But such authority does not inhere in his office. *Wilken-Hale Bank* v. *Herstein,* 48 Okla. 628, 149 Pac. 1109, 1110, 1 A. L. R. 679. Ordinarily, the president is nothing more than executive agent of the board of directors, and is to discharge only such duties as that board confers upon him. *First Nat. Bank* v. *New,* 146 Ind. 411, 45 N. E. 597, 600; *First Nat. Bank* v. *Staten Independent School District* (Tex. Civ. App.), 58 S. W. (2nd) 870; *First Nat. Bank* v. *Ocean Nat. Bank,* 60 N. Y. 278, 19 A. R. 181, 185; *First Nat. Bank* v. *Hoch,* 89 Pa. 324, 33 A. R. 769,.

770; *Beers* v. *Broad & M. Nat. Bank,* 102 N. J. Law, 5, 131 Atl. 105, 107; *Stansell* v. *Payne,* 189 N. C. 647, 127 S. E. 693, 694; note, 67 A. L. R. 971. See, also, *Bank of the U. S.* v. *Dunn,* 6 Pet. 51, 8 L. ed. 316, 319; *Central Trust Co.* v. *Estes,* 206 Iowa, 83, 218 N. W. 480, 482. This rule, to be sure, is somewhat relaxed in the case of ordinary banking transactions, and does not apply where the course of business, with knowledge of the banks, has been such as to reasonably warrant the inference that authority has been conferred upon the president to act for the bank in such transactions as are in question. So, too, when the bank with full knowledge, has expressly or impliedly ratified the act in question, it will be bound by it. But there was no proof or offer of proof of any of these things, and nothing to avoid the application of the general rule.

It was not harmful error to exclude the extraneous evidence offered in support of the alleged contract, because if it had been admitted and was uncontradicted it would not support a recovery by the plaintiff, since the essential element of the president's authority to bind the bank would be left unproved. The verdict was properly directed.

*Judgment affirmed.*