Zimmerman, J.
 

 Under Sections 710-61 and 710-62, General Code, the control, government and management of the affairs and transactions of a banking corporation like The Union Trust Company rest primarily with its board of directors and the executive committee appointed by the board.
 

 The pertinent part of the Code of Regulations of The Union Trust Company, effective from 1931 until the bank closed, and read into the evidence, provided:
 

 “The board or executive committee shall appoint such officers as may from time to time be required for the proper conduct of the business of the company. * * * The duties and authorities of the officers shall be those usually pertaining to their respective offices, subject to the supervision and direction of the board and the executive committee.”
 

 This court recently held, in the first paragraph of the syllabus in
 
 Kroeger, Supt. of Bldg, & Loan Assns.,
 
 v.
 
 Brody, Trustee,
 
 130 Ohio St., 559, 200 N. E., 836, that:
 

 “A corporation is bound by the acts of its president only to the extent that such acts are within the express powers conferred upon him, or can be implied from the powers expressly conferred, or are within apparent powers he has knowingly been permitted to exercise.”
 

 “It is a general rule recognized by the great majority of the cases, that the president or cashier or any other similar executive officer of a bank has no authority, simply by virtue of his office, to bind his bank by an agreement made with the maker or en
 
 *286
 
 dorsers of commercial paper payable to the bank, that their liability on such paper will not be enforced. The rule applies whether the agreement is made before the paper has been signed, or after.” 28 L. R. A. (N.'S.), note at page 501, and cases cited.
 

 Furthermore, an officer of a bank has no inherent power to release a debtor from an obligation due the bank, such as a promissory note, otherwise than in due course and upon payment. If he undertakes to do so on his own initiative and without authority, he is acting outside the scope of his apparent powers and not according to usage, practice or the usual course of business, and the bank will not be bound thereby. 1 A. L. R., annotation beginning at page 702; 67 A. L. R., annotation beginning at page 976;
 
 Cozad State Bank
 
 v.
 
 McLaughlin,
 
 128 Neb., 87, 258 N. W., 36;
 
 Security National Bank of Tulsa
 
 v.
 
 Bohnefeld,
 
 131 Okl., 66, 267 P., 631;
 
 First National Bank of Hooversville
 
 v.
 
 Sagerson,
 
 283 Pa., 406, 129 A., 333;
 
 Goodenough’s Admx.
 
 v.
 
 Vermont People’s National Bank,
 
 106 Vt., 5, 168 A., 914; 7 American Jurisprudence, 185, Section 250; 7 Corpus Juris, 549, Section 158. Compare 108 A. L. R., annotation beginning at page 715.
 

 Counsel for the appellees contend that their case is predicated upon a novation, and definite evidence thereof having been introduced, the burden of proof shifted to the appellant. With this we cannot agree.
 

 Under the circumstances disclosed in the instant case, the burden was on the appellees to show affirmatively that Mr. Coulton had express authority from the.board of directors or the executive committee of The Union Trust Company to make an agreement such as the one alleged, or that he had been allowed to exercise independent authority in the same or similar matters' on other occasions, or that such agreement had been brought to the attention of the board or committee and duly ratified.
 

 We have read the entire record in search of evidence
 
 *287
 
 tending to indicate the existence of any of the above conditions, without success. The appellees were, therefore, not entitled to prevail as a matter of law.
 

 It follows that the judgment of the Court of Appeals must be reversed and that of the Court of Common Pleas affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias, Day, Myers and Borman, JJ., concur.
 

 Williams, J., not participating.