MICHAEL J. O'CONNOR *vs.* MARTIN DELANEY.

Argued April 19, 1893.   Decided May 11, 1893.

| 53 | 247 |
| f82 | 351 |
| 82 | 353 |

**Findings Sustained—Variance Waived.**

> Evidence *held* sufficient to sustain findings of fact.   Variance between pleadings and proofs *held* to have been waived.

**Overholding Cotenant must Pay Rent.**

> Where one cotenant of real estate rents his share to the other for a term at a specified rent, and the latter remains in exclusive possession after the term, he will be held to do so in his character of tenant, and the same rule as to rent will apply as in case of any tenant holding over.

Appeal by defendant, Martin Delaney, from a judgment of the District Court of Ramsey County, *Chas. E. Otis,* J., entered against him May 10, 1892, for $390.71.

On June 17, 1885, the plaintiff, Michael J. O'Connor, and the defendant each owned an undivided half of lot fifteen (15) of Partition Plat in the City of St. Paul, on which they had previous to that time done business together as equal partners under the firm name of Northwestern Stock Yards.   On that day they dissolved partnership, and it was agreed between them that the defendant should have the exclusive possession and use of the property, and for the first year from that date should pay as rent for the use of plaintiff's half of the property, his half of the interest at eight per cent. a year upon a mortgage for $2,000 on the property, $80.   No other or different understanding or agreement was made by the parties as to rent, but defendant continued in possession of the premises holding over after the first year until December 17, 1890, at which time plaintiff sold his interest in the real estate.   Plaintiff brought this action in March, 1891, for an accounting and settlement of the partnership affairs, and in April, 1891, brought another action for rent of his half of the real estate during the five and a half years that it was occupied by defendant; but all the matters involved were by consent litigated in the first action, and the last action dismissed.   The issues were tried February 26, 1892, before the court without a jury.   In stating the account between the parties, the court charged the defendant with rent of plaintiff's half

of the property for the five and a half years at the rate of $80 a
year, and with interest thereon after due, and ordered judgment
for plaintiff for the balance of the account, $359.75 and costs.  De-
fendant made a motion for a new trial, which was denied, and
judgment was entered on the findings.

A. E. Hawes and O. H. Comfort, for appellant.

J. F. Fitzpatrick, for respondent.

GILFILLAN, C. J.   Except in regard to the claim of respondent
for rent of his interest in the real estate, the joint property of the
parties, there is no question but of the sufficiency of the evidence
to sustain the findings of fact, and we think it sufficient.

It is also sufficient to sustain the finding of fact on the claim for
rent.   But it is objected that the complaint for the rent alleges
that appellant was to pay the value of the use of the property, while
the finding, not following the pleading, is that it was agreed appel-
lant should pay for the first year an amount equal to the interest
on a certain mortgage, to wit, $160, and that appellant held over
and continued in possession after the first year.   On the trial no
objection was made to the evidence as to amount agreed on for
rent, nor any question raised of variance between the pleading and
the proofs, and we must hold the objection to have been waived.

It is objected that, according to the evidence, the defendant agreed
to pay the $160 interest on the mortgage to the mortgagee, and he
did so, and so plaintiff cannot recover it.   Of course it was in-
tended plaintiff should have the benefit of such payment, and, as
the amount so paid was credited to the defendant in the partnership
account, it was proper for the court, in adjusting in one judgment
all matters between the parties, (including partnership matters,) to
credit the amount to plaintiff; otherwise, the payment would be no
benefit to him.   One credit offsets the other, and it stands now as
though neither party had been credited with it.

Where there is no agreement between the parties, and one coten-
ant is not excluded by the other from enjoyment of the common
property, neither can recover from the other for the use, rents, and
profits of the estate.   But, by agreement, one may become tenant of
the other of his part of the estate; and, when the relation of land-
lord and tenant is thus created, we think the tenant co-owner, if he

remain in exclusive possession after the term for which his cotenant's share was let to him, will be held to do so in his character of tenant, and the same rules will apply. as in case of any other tenant holding over. It was therefore correct to charge the defendant, during the time of his so holding over, at the rate of rent agreed on for the term.

Order and judgment affirmed.

VANDERBURGH, J., took no part in this decision.

(Opinion published 54 N. W. Rep. 1108.)