JOHN DAY SMITH vs. CHARLES H. PRIOR et al.

Argued July 13, 1894. Affirmed July 17, 1894.

No. 8756.

**Action to recover unpaid subscription for stock.**

In an action by the assignee of an insolvent corporation against its stockholders to recover the amounts claimed to be due and unpaid on their stock, the allegation of the complaint being merely that no part of the stock except a specified sum had been paid, evidence is inadmissible to prove that the corporation had accepted, in payment of the stock, property that was greatly overvalued and grossly inadequate in value to the par value of the shares. The cause of action alleged was one in favor of the corporation, and founded on contract, while the one sought to be proved was one in favor of creditors only, and founded on fraud.

**Amending complaint on the trial.**

Held, also, that it was not an abuse of discretion to refuse to allow the complaint to be amended on the trial.

Appeal by plaintiff, John Day Smith, from an order of the District Court of Hennepin County, *Robert Jamison*, J., made March 7, 1894, denying his motion for a new trial.

On March 9, 1891, the Cyclone Steam Snow Plow Company, a corporation, being insolvent, made an assignment of all its property to the plaintiff in trust for the benefit of its creditors. He accepted and in February, 1893, brought this action against the defendants, Charles H. Prior and twenty six others, stockholders of the corporation, to collect the unpaid balance of their subscriptions to the capital stock. The defendants answered severally that the corporation acting by its board of directors bought of Edward P. Caldwell, the

inventor, January 7, 1889, the exclusive right to manufacture, use
and sell within the United States rotary snowplows and improve-
ments thereof under Letters Patent No. 394,244 issued December 11,
1888, and in payment therefor transferred to Caldwell its entire cap-
ital stock of $1,000,000. That Caldwell sold part of this stock to de-
fendants. That it was in their hands fully paid stock. They asked
judgment that plaintiff take nothing. He replied denying the new
matter stated in the several answers.

On the trial plaintiff asked leave to amend his complaint so as to
charge that the stock was fraudulently issued for a grossly over-
valued patent right, and the facts were known to the defendants,
and that they participated. The court refused to allow the amend-
ment, and plaintiff excepted to the ruling. When plaintiff's evidence
was all in, the defendants also rested, and asked the court to hold
and find that no cause of action had been proved against any one of
them. The court granted the application, and made findings that no
defendant except Caldwell subscribed for stock or received any stock
from the corporation, or ever in any manner agreed to pay the cor-
poration anything for the stock they severally held. That the con-
tract between Caldwell and the corporation was valid between the
parties thereto, and, having been fully performed by both parties to
it, the stock issued pursuant to the contract is fully paid stock. The
court ordered judgment that plaintiff take nothing by his action. He
moved the court to grant a new trial, but was refused, and he ap-
peals.

*J. F. McGee, W. C. Tiffany, F. H. Morrill, J. E. Stryker*, and
*A. R. Moore*, for appellant.

The complaint states a cause of action against the stockholders;
but it is insisted, and the lower court so held, that the complaint does
not comprehend the cause of action, which plaintiff sought to estab-
lish on the trial. This, we think, is error. Property of insignificant
value has been transferred to a corporation in pretended payment for
its capital stock, the par value of which exceeds that of the property
so transferred, at least forty times. In *Hospes* v. *Northwestern Mfg.
& Car Co.*, 48 Minn. 174, as in this case, the capital stock had, by
agreement between corporation and stockholders, been issued as ful-
ly paid, when in fact such payment had not been made. In that case

nothing had been paid upon the stock, while here two and one-half per cent. of its face value has been paid.

The stockholders have represented that they have paid, or will pay, to the corporation the amount of their respective holdings, and the law has created an absolute right in favor of the creditors who have acted upon such representations, to have them fulfilled. When an action to enforce such a right is brought by a subsequent *bona fide* creditor, who has relied upon the apparent stock subscriptions, against a stockholder, the only defense available to such stockholder is that he has made the payment which his stock certificate purports that he has made. It matters not what negotiations he may have had with the corporation if they do not amount to an actual bona fide payment, for such negotiations can at most satisfy only the claims of the corporation. They cannot defeat the right of creditors. *Farnsworth* v. *Robbins*, 36 Minn. 369; *Shickle* v. *Watts*, 94 Mo. 410; *Camden* v. *Stuart*, 144 U. S. 104; *Grant* v. *East & West R. Co.*, 54 Fed. Rep. 569; *Osgood* v. *King*, 42 Ia. 478; *Clarke* v. *Lincoln Lumber Co.*, 59 Wis. 655; *Wetherbee* v. *Baker*, 35 N. J. Eq. 501.

The foregoing being the right sought to be vindicated, it would seem that the ultimate facts to be pleaded and proved would be simply that certain stockholders had not paid for their stock, and that creditors were entitled to insist upon such payment. *Gogebic Invest. Co.* v. *Iron Chief Min. Co.*, 78 Wis. 427. Notwithstanding the fact that fraud need not be alleged, yet we insist that it is sufficiently set forth in the complaint by showing the vast discrepancy between the par value of the stock and the amount paid for it. It was an abuse of discretion and error to deny plaintiff's motion to amend his complaint. It set forth that no part of the capital stock had ever been fully paid up by the subscribers, and that the total amount paid on account of said stock did not exceed in value $25,000. It was sought to amend by setting forth with greater fullness the details of the transaction which resulted in the issue of $1,000,000 of so-called full-paid stock, and alleging the fraudulent overvaluation of the patents. By so amending the complaint it did not embrace or constitute a new cause of action. *Bruns* v. *Schreiber*, 48 Minn. 366; *Reeder* v. *Sayre*, 70 N. Y. 180; *Hayden* v. *Hayden*, 46 Cal. 332.

Some of the defendants by their answers anticipated the facts em-

braced in the proposed amendment, and sought to evade them. This negatives the claim of surprise at the proposed amendment, and the want of opportunity to present their whole defense.

*Flannery & Cooke; Van Fossen, Frost & Brown; M. P. Brewer; Wilkinson & Traxler; Kitchel, Cohen & Shaw; W. S. Dwinnell; Cross, Carlton & Cross;* and *Samuel M. Davis,* for respondents.

The liability for unpaid subscription is several and not joint, and is based upon contract. *Hatch* v. *Dann,* 101 U. S. 205; *In re Minnehaha Driving Park Ass'n,* 53 Minn. 423.

The assignee can only recover that which is due to the corporation. *In re Minnehaha Driving Park Ass'n,* 53 Minn. 423.

Whatever confusion may have existed by reason of the application of the so-called "trust fund" doctrine to corporate assets, it is now settled that the capital of a corporation is its property, and that it may sell and dispose of it the same as a natural person. *Hospes* v. *Northwestern Mfg. & Car Co.,* 48 Minn. 174; *Hollins* v. *Brierfield Coal & Iron Co.,* 150 U. S. 371.

The plaintiff as assignee cannot in this action ignore or impeach the contract between Caldwell and the corporation, selling to him its stock, without alleging fraud and notice, or in some manner connecting the defendants with that original transaction. *Foreman* v. *Bigelow,* 4 Cliff. 508; *Phelan* v. *Hazard,* 5 Dillon, 45; *Scoville* v. *Thayer,* 105 U. S. 143; *Clark* v. *Bever,* 139 U. S. 96; *Handley* v. *Stutz,* 139 U. S. 417; *Coffin* v. *Ransdell,* 110 Ind. 417; *Bickley* v. *Schlag,* 46 N. J. Eq. 533; *Van Cott* v. *Van Brunt,* 82 N. Y. 535; *Christenson* v. *Eno,* 106 N. Y. 97; *New Haven H. N. Co.* v. *Linden S. Co.,* 142 Mass. 349; *Waterhouse* v. *Jamieson,* L. R. 2 H. L. Sc. 29; *Carling, H. & W. Cases,* L. R. 1 Ch. D. 115; *In re Baglan Hall Colliery Co.,* L. R. 5 Ch. 346.

If there had been a subscription to the capital stock, and the corporation and the subscribers had entered into an arrangement to relieve the subscribers from their obligation, a different question would be presented, and the cases of *Farnsworth* v. *Robbins,* 36 Minn. 369, *Upton* v. *Tribilcock,* 91 U. S. 45, and similar decisions would be in point, but no such question is presented in this case.

The effect of the amendment asked on the trial would have been

to change the cause of action. There was no excuse offered for failing to allege and set forth the proper cause of action. The books and records of the insolvent company, showing the transaction between it and Caldwell in full, were in his possession for more than a year before the commencement of this action. The number and eminence of his counsel preclude the idea that he was not fully advised as to what his rights were, and there is no pretense of surprise. The discretion of the court in refusing the amendment was properly exercised. *White* v. *Culver,* 10 Minn. 192; *Iverson* v. *Dubay,* 39 Minn. 325; *Iltis* v. *Chicago, M. & St. P. Ry. Co.,* 40 Minn. 273.

MITCHELL, J. This was an action by the assignee of an insolvent corporation to recover from its stockholders unpaid stock subscriptions, the allegations of the complaint being merely that no part of the stock owned and held by the several defendants had been paid, except a certain specified sum. The pleading must be construed as declaring on a cause of action due from the stockholders to the corporation and founded on contract.

1st. Upon the trial, the plaintiff offered evidence tending to prove that the corporation had accepted, as full payment for the stock, property that was greatly overvalued and grossly inadequate in value to the par value of the shares.

This evidence was properly excluded, as not being admissible under the pleadings. The cause of action thus attempted to be proved was not one in favor of the corporation, and founded on contract, but one in favor of creditors, and founded on fraud. *Hospes* v. *Northwestern Mfg. & Car Co.,* 48 Minn. 174, (50 N. W. 1117.) The facts constituting the fraud on creditors should have been alleged. There is nothing in the *Hospes* Case inconsistent with this rule. In fact, the particular question of pleading here raised was not raised at all in that case.

2nd. The plaintiff then asked leave to amend his complaint by setting up the facts which he had thus sought to prove.

Assuming, without deciding, that the proposed amendment went far enough to be available to plaintiff, the change of base was so radical, and the facts sought to be pleaded as a cause of action so entirely different from those alleged in the complaint, that, assuming that it was a matter within the discretion of the court, we certainly

could not hold that it was an abuse of that discretion to disallow such an amendment on the trial.

It is suggested that the answers of some of the defendants aided the complaint. We think not. They simply alleged payment in full for the stock in property, and in reply to this the plaintiff interposed a general denial.

Order affirmed.

BUCK, J., absent, sick, took no part.

(Opinion published 59 N. W. 1016.)