JACOB SCHMIDT v. WILLIAM CONSTANS and Others.[1]

February 6, 1901.

Nos. 12,396—(224).

**Cotenants—Landlord and Tenant.**
> One cotenant may lease his moiety to the other, and upon such leasing the parties bear to each other the relations, are subject to the obligations, and are entitled to the rights, of landlord and tenant.

**Partition—Cost of Repairs.**
> The tenant under the lease cannot, in an action for partition, charge his landlord for repairs made during the tenancy upon the property, in the absence of a special agreement for compensation.

Action in the district court for Ramsey county for partition of real estate. The case was tried before O. B. Lewis, J., who made findings of fact and as conclusions of law found among other things that the premises should be sold and out of the proceeds of sale plaintiff was entitled to the sum of $3,224.57, being the amount of certain repairs made by him, with interest. From an order denying a motion for a new trial, defendants William Constans and Bertha Constans appealed. Reversed.

*Warner & Lawrence,* for appellants.
One cotenant may lease his moiety to the other, and on such leasing the parties bear to each other the relations, are subject to the obligations, and entitled to the rights, of landlord and tenant. Freeman, Coten. & Part. (2d Ed.) § 164; O'Connor v. Delaney, 53 Minn. 247; Harry v. Harry, 127 Ind. 91. No cotenant has,

[1] Reported in 85 N. W. 173.

by virtue of the relation of cotenancy, authority to bind his companions in interest by any contract, whether relating to the joint property or otherwise. A cotenant can act as agent for the other only when authorized to do so, either expressly or by implication. Freeman, Coten. & Part. § 182. In absence of covenant or agreement in the lease to repair, and where there is no fraud, misrepresentation, or concealment by the lessor, there is no implied warranty on his part that the leased premises are fit for the purposes for which they are rented, or covenant to put them in repair, or to keep them so. Wilkinson v. Clauson, 29 Minn. 91; Krueger v. Ferrant, 29 Minn. 385; Harpel v. Fall, 63 Minn. 520. There is no legal or equitable principle on which plaintiff can sustain his claim for the cost of repairs and improvements. Freeman, Coten. & Part. § 510; Nelson v. Clay, 7 J. J. Marsh, 139; Hancock v. Day, 1 McMul. Eq. 69; Bazemore v. Davis, 55 Ga. 504; Horton v. Sledge, 29 Ala. 478; Cosgriff v. Foss, 152 N. Y. 104; Rowan v. Reed, 19 Ill. 20; Stevens v. Thompson, 17 N. H. 103; Sutton v. Sutton, 26 So. C. 33; Scott v. Guernsey, 48 N. Y. 106.

In Smalley v. Isaacson, 40 Minn. 450, this court held that the provisions of the occupying claimant's law, G. S. 1894, §§ 5849–5858, apply in an action in partition. If so, plaintiff has not brought himself within the provisions of that law. He was not in possession of Constans' half of the property under color of title in fee, and he has not made the expenditures found by the court in good faith—that is, supposing himself to be the owner of the property. This case as well as the case of Smalley v. Isaacson, supra, does not come within the reason or spirit of the occupying claimant's law. Wheeler v. Merriman, 30 Minn. 372; Freeman, Coten. & Part. § 261; 3 Kerr, Real Prop. § 1932; Mumford v. Brown, 6 Cow. 475; Calvert v. Aldrich, 99 Mass. 74. If one tenant in common desires to improve, without asking the assent of the coproprietor, his course is to have his share set off by partition, and deal with that as he may see proper. Crest v. Jack, 3 Watts, 238. See also Johnson v. Pelot, 24 So. C. 255. The court below erred in holding that the expenditures of plaintiff were made in good faith. In order to have acted in good faith plaintiff should have brought his action for partition prior to making the expenditures. The oc-

cupying claimant's law defines what good faith is, and inasmuch as this court has held that the law applies to actions in partition, plaintiff must bring himself within the rule established by that law. Husband v. Aldrich, 135 Mass. 317; Chandler v. Simmons, 105 Mass. 412; Marshall v. Crehore, 13 Metc. (Mass.) 462.

The court erred in finding that the expenditures enhanced the value of the property in at least the amount paid therefor. The law, in a case where a cotenant can recover at all for repairs or improvements, is correctly stated in Clapp v. Nichols, 31 App. Div. (N. Y.) 531, quoted with approval in Eakin v. Knabe, 31 Misc. (N. Y.) 221. See Cooter v. Dearborn, 115 Ill. 509; Sarbach v. Newell, 30 Kan. 102; Havey v. Kelleher, 36 App. Div. (N. Y.) 201; 10 Am. & Eng. Enc. 244; Breit v. Yeaton, 101 Ill. 242; Noble v. Biddle, *81 Pa. St. 430; Fisher v. Edington, 85 Tenn. 23; McMurray v. Day, 70 Iowa, 671; Thomas v. Quarles, 64 Tex. 491; Lancoure v. Dupre, 53 Minn. 301.

*Clapp & Macartney*, for respondent.

The relation of tenants in common existed between the parties before the lease was made, and the lease did not change this relation. If plaintiff would have had a right to recover the reasonable value of repairs and improvements made by him as a tenant in common, this lease has not in any manner changed the equitable right. If one tenant in common makes necessary repairs on the common property, he can recover of his cotenants their share of the expense. 11 Am. & Eng. Enc. 1104, et seq.; Dech's Appeal, 57 Pa. St. 467, 472; Jenkins v. Jenkins (N. J. Eq.) 5 Atl. 134; Sutton v. Sutton, 26 So. C. 33; Sarbach v. Newell, 30 Kan. 102; Alexander v. Ellison, 79 Ky. 148; Ford v. Knapp, 102 N. Y. 135; Farrand v. Gleason, 56 Vt. 633.

COLLINS, J.

For some years prior to September 1, 1889, the plaintiff and defendant were, and ever since have been, equal tenants in common of certain real property, used for brewery purposes. On the day mentioned, through the assignment of a lease held by a third party, plaintiff became the tenant of the defendant as to the lat-

ter's undivided half of the property, and ever since that time he has carried on the business of brewing upon the premises. The lease in question expired in 1893, but the plaintiff since that time has been a tenant at will, paying a stipulated monthly rental for defendant's moiety. In 1898 he requested that defendant agree to the making of certain repairs, improvements, and alterations on the premises, which would render them more suitable for the brewery business. This defendant refused to do unless the plaintiff would pay an increased rental. Plaintiff declined to do this, and there-upon he made the repairs, improvements, and alterations himself, paying out quite a sum of money therefor. Later, in 1898, the plaintiff refused to pay the agreed rent, and, after several months' default, defendant brought an action to recover the same. As a defense and counterclaim, this plaintiff alleged in that action that the repairs, improvements, and alterations before mentioned were made under an agreement that the defendant should pay for one-half thereof, and this amount he counterclaimed in his answer as against the demand for rent. The court below found against him upon the counterclaim, and ordered judgment for the full amount of the rent.

The plaintiff then brought this action in partition, setting up the making of repairs and improvements upon the premises, of a certain value, all of which were necessary and needful for the preservation and enjoyment of the property, largely enhanced its value, and were made in good faith. Both parties admit that the property cannot be divided, but must be sold, and the dispute is as to the disposition of plaintiff's claim that defendant is liable on account of certain of the repairs; the court below finding that such repairs had enhanced the value of the property in an amount stated, were necessary and needful, were made in good faith, and that plaintiff was liable in an amount equal to one-half thereof.

It stands undisputed that when plaintiff demanded of defendant that he join in making the repairs in question, when they were made, and when this action was instituted, the relation of land-lord and tenant existed between these parties as to an undivided half of the premises. Defendant was the landlord, and plaintiff was his tenant. The latter had voluntarily become a tenant

through an assignment of a lease. The plaintiff remained in exclusive possession of the whole property after the term fixed by the lease had expired. He remained as a tenant by express agreement, paying a monthly rental without objection, until he undertook to withhold payments upon the ground that defendant had agreed to pay one-half of the cost of the repairs, improvements, and alterations already made.

We shall assume, for the purposes of this case, that when a tenant in common has made necessary and needful repairs upon the common property he can, in equity, compel contribution from his cotenants. See 11 Am. & Eng. Enc. 1104. In the case of O'Connor v. Delaney, 53 Minn. 247, 54 N. W. 1108, it was held that, when the relation of landlord and tenant is created between tenants in common, the tenant co-owner, if he remains in exclusive possession after the term for which his cotenant's share was leased to him, must be held to do so in the character of tenant, and that the same rules will apply as in a case of any other tenant holding over. No express agreement to pay rent—and there was such an agreement in this instance—is necessary, under the rule in that case, to continue the character of the tenant. He remains an occupant of his cotenant's moiety under the terms of the lease, not as a cotenant.

The important inquiry here is as to the relation which existed between the parties, it being the contention of defendant that they were those of landlord and tenant; both parties being subject to the obligations and entitled to the rights of landlord and tenant, and none other. There was no covenant or agreement in the lease to repair on the part of the landlord, and in the absence of such covenant or agreement, and where there is no fraud, misrepresentation, or concealment by the lessor, there is no implied warranty on his part that the leased premises are fit for the purposes for which they are rented, or covenant to put them in repair or to keep them so. There was no claim of fraud, mistake, or misrepresentation in this case. If the plaintiff was a tenant solely, he could either keep the premises in repair on his own account, or go without such repairs. If he was simply and exclusively a tenant under a lease, in no manner could he compel his

landlord, as such, to pay for such repairs; nor did he undertake to do so. His claim was that he could compel such payment because the parties continued to be tenants in common, and the court below so held.

It is unquestionably the general rule of law that cotenants are at liberty to contract with one another in relation to all matters, including the subject-matter of the tenancy. One may lease his moiety to the other, and upon such leasing the parties bear to each other the relations, are subject to the obligations, and entitled to the rights of landlord and tenant. The cotenant leasing has the right to distrain for rent due on the lease. Joint tenants may make a subdivision of time of their respective occupancy of the property held in joint tenancy, and, if an injury is committed upon the joint right while it is held in the exclusive possession of one of the joint tenants under the subdivision, trespass may be sustained by the exclusive possessor for the time being. Freeman Coten. & Part. (2d Ed.) § 164. The precise point in the present controversy is not covered by any of the cases cited by Mr. Freeman in support of the text, and counsel have found none, so far as shown by their briefs.

On the part of the plaintiff we are referred to Cosgriff v. Foss, 152 N. Y. 104, 46 N. E. 307, while attention is called to Harry v. Harry, 127 Ind. 91, 26 N. E. 562, by defendant's counsel. But neither can be regarded as authority on this point. It appeared in the Cosgriff case that improvements were made on the common property by one cotenant in possession while he was a tenant of the others under a lease, and in an action of partition an attempt was made to secure contribution. The prominent question discussed in the opinion is the equitable right of one cotenant making improvements to compel other cotenants to share the expense thereof. The conclusion was that the claim lacked sufficient "equitable strength" to justify its allowance, one of the reasons given being that the maker of the improvements sustained the double relation to his cotenants of tenant by lease and tenant in common. The exact question herein presented was involved in the facts of that case, and might have been decided, but was not. We may as safely infer that it was overlooked by both court and

counsel as to infer that it was concluded that there was no merit in the claim that while property owners, situated as were these parties, may occupy a double relationship, their rights, duties, and obligations are not double. Harry v. Harry, supra, is simply in line with our own case of O'Connor v. Delaney, and lays down the same general proposition as to the rights and obligations of a tenant in common who remains in possession of the common property after the expiration of the time fixed in the lease to him from his cotenant. What was said in the opinion as to the right of the tenant in possession to compensation for improvements made upon the premises, and that he is governed by the rule which exists between landlord and tenant, was obiter.

Except as the present case is governed by the general rule quoted from Freeman, it is one of first impression, but, we think, easy to dispose of upon principle. The plaintiff here was not occupying the premises as a cotenant in so far as his duties and obligations to and with the defendant were concerned. He was in possession of defendant's share of the estate as a tenant, and under a lease which he had voluntarily entered into. To allow him to have all of the beneficial provisions of the lease, and reject and escape from its obligations or liabilities, would be rank injustice. To hold his cotenant to the obligations arising out of an express contract of leasing, and at the same time to compel him to respond in all matters growing out of the relation of tenancy in common, would also be unjust. The tenant cannot be permitted, for one purpose, and when to his advantage, to say that his relations are those of a cotenant, and then, for another purpose, and also for his own advantage, to plead that he is simply a tenant under a lease. He cannot occupy the relation of tenant under the lease or that of tenant in common at his own will. To permit him so to do would lead, as it did in this case, to a most inequitable result; for the plaintiff's claim, with interest from the time he expended his money, was made a first lien upon the proceeds of the sale in partition, the whole amount to be paid to plaintiff, while the defendant was, in effect, held to be nothing but a landlord, and as to rent for his moiety, during the period of time for which he was obliged to pay interest, bound by the terms of a lease entered into

82 M.—23

long prior to the making thereof. In other words, the parties were cotenants as to repairs, and landlord and tenant as to the rent to be paid for the use of defendant's share of those repairs. No court should permit a tenant in common, who has become the landlord of his cotenant, in accordance with the terms of an ordinary lease, "to be improved out of his estate" in this manner.

We hold the rule to be (assuming, as before stated, that, when one tenant in common has made necessary and needful repairs upon the common property, he can, in equity, compel contribution from his cotenant) that, when the relation of landlord and tenant exists between such cotenants, the one in possession of the whole cannot, in an action for partition, charge his landlord for repairs made upon the property, in the absence of a special agreement that he shall be compensated therefor.

Order reversed.