## DELIA ZIEBARTH AND OTHERS v. C. R. DONALDSON AND OTHERS.[1]

### November 18, 1921.

### No. 22,463.

**Descent and distribution — sale to one heir at appraised value — constructive fraud.**

1. Philip Plaisance, Sr., died intestate seized of a large quantity of
real estate and left as his heirs at law his widow and 19 children
and grandchildren. The value of the several parcels was appraised by
appraisers appointed by the probate court. Thereafter at a conference
between a majority in interest of the heirs, it was decided to appoint
an attorney in fact to make sales and execute contracts and convey-
ances, and those present also agreed unanimously that an heir should
have the right to buy any parcel at its appraised value. A power of
attorney was executed by all the heirs, except three grandchildren who
were minors, and whose rights are not involved in this action. There-
after the attorney in fact sold a parcel of the land to an heir at its
appraised value. *Held*, that this sale did not operate as a constructive
fraud upon those heirs who had not been informed of the understand-
ing that an heir should be allowed to buy at the appraised value, as it
appears that both the attorney in fact and the purchaser acted in
good faith and that the sale was for the fair value of the land.

**Tenants in common — purchase by one from another.**

2. One cotenant may purchase the interest of other cotenants and in
such transactions they deal as adverse parties.

1Reported in 185 N. W. 377.

**Exclusion of evidence proper — value of improvements.**

    3. Where the evidence of value fixed the value as enhanced by improvements, the court properly excluded evidence of the cost of such improvements.

    Action in the district court for McLeod county to set aside a contarct. The case was tried before Daly, J., who made findings and ordered judgment in favor of defendants. From an order denying their motion for a new trial, plaintiffs appealed. Affirmed.

    *C. J. Cahaley, C. P. Kleinmann* and *A. D. Smith,* for appellants.

    *M. C. Tifft,* for respondents.


TAYLOR, C.

    Philip Plaisance, Sr., died intestate in Hennepin county, February 26, 1915, seized of a large amount of real estate in the states of Minnesota and North Dakota. He left surviving him as his heirs at law his widow, ten living children and nine grandchildren who were the children of a deceased son. In April, 1915, C. R. Donaldson was duly appointed administrator of the estate, and in July, 1915, appraisers appointed by the probate court duly appraised the value of the several parcels of real estate and reported their appraisal to the court. The heirs were scattered. In October, 1915, the widow and six of the children met with the administrator and his attorney to discuss the matter of closing up the estate and selling the lands. The heirs present at this meeting decided that the fact that the heirs were scattered in different places and in different states made it advisable to appoint an attorney in fact with power to make sales and execute contracts and deeds, and then selected Mr. Donaldson, the administrator, as the person to whom such power should be given.

    At this meeting, the inventory and appraisal of the real estate was examined and considered, and the suggestion that an heir should be allowed to buy any parcel at its appraised value was agreed to by the widow and the six children present. They owned, between them, 69/99 of the property. Thereafter a power of attorney was executed to Mr. Donaldson by all the heirs except three grandchildren who were minors. These three minors require no further mention, for they are not parties

to this action, and their interest in the property has not been affected by any of the proceedings involved herein. After the execution of the power of attorney, and on January 11, 1916, Donaldson, in the name of the donors of the power, contracted in writing to sell and convey to defendant Philip Plaisance, Jr., the undivided 91/99 of a parcel of 320 acres in McLeod county for 91/99 of its appraised value. Philip had resided upon and farmed this land for several years during his father's lifetime, and had continued to reside upon and farm it after his father's death. The contract provided for the conveyance to him of the interest of all the other heirs except the three minors. Donaldson also sold other parcels to other heirs at the appraised value.

Four of the children of Philip Plaisance, Sr., and the six grandchildren who executed the power of attorney joined as plaintiffs in bringing this action to cancel the contract made by Donaldson with Philip Plaisance, Jr. The widow and five of the children did not join as plaintiffs and are not parties to the action. The trial court made findings of fact and conclusions of law and directed judgment for the defendants. Plaintiffs appealed from an order denying a new trial.

The plaintiffs contend, in substance, that the sale to Philip was for an inadequate price; that they had no knowledge of the appraised value of the lands nor of the understanding that an heir was to be allowed to purchase at such appraised value; and that making the sale to Philip at the appraised value, without informing them of the amount at which the land had been appraised or that it would be sold to an heir at the appraised value, operated as a constructive fraud upon them. They do not impugn the good faith of either Donaldson or Philip.

The eighth finding of fact is:

"That in executing and delivering the power of attorney herein, all the parties acted in absolute good faith and with full knowledge of the contents thereof and the power conferred upon said C. R. Donaldson thereby."

The ninth finding of fact is:

"That in making the sale and entering into the contract for sale with Philip Plaisance, Jr., the said C. R. Donaldson acted in good faith, and that the price obtained and named in said contract was a fair price for

the property therein described, and was the reasonable value thereof at the time such sale was made."

That under the power of attorney Donaldson had power to make the contract which he did make is not questioned, and that he acted in entire good faith is found as a fact by the court and is not disputed. No actual fraud is claimed on the part of either Donaldson or Philip— merely that the failure to inform plaintiffs of the appraised value and that sales would be made to heirs at that price, operated as a constructive fraud. The plaintiff Denise Ziebarth was present at the meeting in October, 1915, and had full knowledge of the action taken at that time. The plaintiff Maud Steen purchased a parcel of the land, located in Stearns county, at its appraised value shortly after the sale in controversy. The fact that these two plaintiffs may not be in position to question the sale to Philip would not debar the other plaintiffs from attacking it, if they had any just ground for doing so.

While the evidence as to value is conflicting, as might be expected after a lapse of more than four years and a marked increase in land values, we think it is sufficient to sustain the finding that the sale was at a fair price and for the reasonable value of the land at that time.

Plaintiffs insist that the fact that they were cotenants with Philip created a confidential relationship between them, which Philip violated in making this purchase. In support of this contention, they cite statements found in decisions applying the long-established rule that one cotenant cannot acquire an incumbrance upon the common property or an outstanding adverse claim of title and enforce the same against his cotenants for his own benefit, but must permit them to share in the benefits of such a transaction on contributing their proportionate part of the expense which he incurred. But this rule in no manner restricts the right of cotenants to buy from, or sell to, each other. Schmidt v. Constans, 82 Minn. 347, 85 N. W. 173, 83 Am. St. 437; Freeman, Cotenancy, §§ 164, 165; 7 R. C. L. 825. And in such transactions they deal as adverse parties.

Plaintiffs claim that the power of attorney was given with the understanding that no sales would be made by Donaldson until the price

and terms had been submitted to and approved by the plaintiffs. But this claim was denied and is eliminated by the findings.

We fail to find any ground for applying the doctrine of constructive fraud to the facts of this case. The cases cited by plaintiffs involved situations radically different from that here presented, and are not in point. Here Donaldson was authorized to make the sale on behalf of plaintiffs, the price was the fair value of the land, and the parties acted in entire good faith.

Plaintiffs also insist that the court erred in excluding evidence to show that Philip had constructed buildings on the land during his father's lifetime, and had presented a claim therefor against the estate which had been allowed and paid. The evidence as to the value of the property fixed its value as enhanced by these improvements, and we fail to see wherein the court erred in this ruling.

Order affirmed.