## Peterson et al. v. McNeely

*Russell J. Brownback,* for plaintiffs; *James Herbert Egan,* for defendant.

CORSON, J., May 9, 1934.—From the statement of claim, George Peterson, Rosalie P. Dougherty, and Almira P. Colket, as tenants in common of a certain property known as No. 444 Highland Avenue, Merion, Pa., entered into a written lease with the defendant, dated October 26, 1929. The lease was to begin on November 1, 1929, and to run for 1 year. The lease further provides that if the second party (with the consent of the first parties) shall continue in possession of the premises after the expiration of the term, then the lease shall be renewed for anther year.

On July 10, 1931, Rosalie P. Dougherty, one of the lessors, died, leaving her one-third share in the lease in equal shares to the use-plaintiff, Eleanor D. D. McCullough, and Edwin Vernon Dougherty, Jr., whereby Eleanor D. D. McCullough became entitled to a one-sixth share in the lease.

Prior to the expiration of the lease, the defendant wrote to Eleanor D. D. McCullough, stating that she could no longer rent the property after the expiration of the lease but would continue to occupy it and would try to pay the taxes, insurance, etc., upon the property until it should be sold. From the affidavit of defense, all the other parties in interest agreed to this arrangement except Eleanor D. D. McCullough, who refused to join in such an agreement and brought suit under the acceleration clause of the lease for her one-sixth share in $6,000, being rental for the terms 1932 to 1933 and 1933 to 1934.

Upon the affidavit of defense filed, the use-plaintiff moves for judgment in her favor. There is no provision in the lease, as attached to the statement of claim, that the rental is divisible as to any one cotenant, but, on the contrary, it appears to be payable to the lessors jointly. According to the affidavit of defense, the premises in question were devised by the defendant's sister, in equal shares, to the defendant and the three lessors as tenants in common.

The questions raised upon the pleadings would seem to be: First, may one of several joint plaintiffs recover a verdict for a proportionate share of the whole claim alleged to be due? Second, may a tenant in common, occupying the entire premises in exclusive possession under a lease, continue in exclusive pos-

session and be relieved of paying rent merely by serving notice of the termination of the landlord and tenant relationship and her intention of occupying the premises as a tenant in common?

As to the second question, it would seem to be established that the relationship of landlord and tenant cannot be terminated merely by giving notice of the termination of such relationship unless there is a surrender of the premises, and where the tenant holds over under a lease it would appear that the surrender must be accepted by the landlord before the lessee may be released from the covenant to pay rent. The burden of proof to show such surrender and acceptance is upon the lessee: Greider's Appeal, 5 Pa. 422; Lipper v. Bouvé, Crawford & Co., 6 Pa. Superior Ct. 452.

In the case of Graham v. Dempsey, 169 Pa. 460, the court said: "A tenant cannot escape liability for the rent of another term by giving notice that he is going out at the end of his year, and then not going. That actions speak louder than words is sound law as well as proverbial wisdom."

There may be a question as to whether or not the law as laid down in these cases is affected by the fact that in this case the defendant is a tenant in common as to a one-fourth undivided interest with the three lessors. However, the defendant obtained exclusive possession of the property under a lease with the other tenants, and it would seem that she is thus estopped from denying the title of her lessors, and where the defendant admits the relationship of landlord and tenant to exist as between her cotenants and herself that relationship must be dissolved and possession restored to the landlord before the defendant, as the tenant in entire possession of the property, can set up another title: Porter v. Mayfield, 21 Pa. 263, 264.

While there appears to be no Pennsylvania authority directly covering a case where a cotenant leases his interest to another cotenant, yet in the case of Schmidt v. Constans et al., 82 Minn. 347, 352, 85 N. W. 173, the court said: "One [cotenant] may lease his moiety to the other, and upon such leasing the parties bear to each other the relations, are subject to the obligations, and entitled to the rights of landlord and tenant."

Upon the authority of these cases, it would seem that the tenant, by holding over, automatically renewed the terms of the lease and became liable under its covenant to pay the stipulated rent. It would follow, therefore, that if the second question were the only question in the case the affidavit would seem to be insufficient to prevent judgment.

Under the first question, however, it would appear that Eleanor D. D. McCullough is the use-plaintiff and one of several joint plaintiffs. The agreement was not to pay each lessor his or her individual share, but to all a gross sum. The lease is therefore a joint right to the lessors, and one of such lessors cannot recover for herself a fractional part of the rent: Marys v. Anderson, 24 Pa. 272. This case was cited with approval as late as 1926 in the case of Meredith v. Punxsutawney National Bank, 275 Pa. 314.

From the affidavit of defense, it would appear that all the parties plaintiff except Eleanor D. D. McCullough agreed to release the defendant from any claim for rent and to allow her to occupy the premises under a new agreement to which Eleanor D. D. McCullough would not agree. If the remaining joint plaintiffs have released the defendant, the right to a joint recovery cannot be sustained: McIntosh v. Dierken, 222 Pa. 612. See also Myers et ux. v. Plumer. 20 D. & C. 12.

We feel that judgment should not be entered in favor of the plaintiff for want

of a sufficient affidavit of defense unless the right to fix judgment is clear upon the pleadings.

Without finally deciding the questions that may arise on the trial of the case, we feel that there is sufficient doubt to prevent the entry of judgment in favor of the plaintiff Eleanor D. D. McCullough.

And now, May 9, 1934, for the reasons given in the foregoing opinion, we feel that the plaintiffs' rule for judgment for want of a sufficient affidavit of defense must be, and it hereby is, discharged.

From Aaron S. Swartz, Norristown, Pa.