[Civ. No. 13417.   Second Dist., Div. Two.   Apr. 25, 1942.]

VOISLAV VUCINICH et al., Respondents, v. JOSEPH H. GORDON, Appellant.

Gordon P. Shallenberger for Appellant.

Marion Vecki and Lester E. Hardy for Respondents.

MOORE, P. J.—The question for determination on this appeal is whether the acquisition by a tenant of a one-third interest of a tenant in common terminated the lease and the obligation of such tenant under the lease.

March 25, 1935, plaintiffs who were then minors, through their guardian, and with the approval of the court, leased their undivided two-thirds interest in certain real property to defendant. They were joined in the lease by their sister, Desanka Vucinich, owner of the other one-third, whereby defendant obtained a leasehold interest on the entirety of the property which was situated in the city of Wilmington. The term of the lease was for five years, to wit, from January 1, 1935, to December 31, 1939, and was for a graduated rental whereby for the years of 1938 and 1939 the monthly rental was fixed at $100. The lease further provided that, on the last day of its term, the lessee shall peaceably and quietly surrender and yield up the premises to the lessor; that if the lessee should hold over after the expiration of the lease, then and in that event the holding over shall be deemed to be a tenancy only from month to month and the said lessee shall pay the sum of $500 for each and every month that he continues in possession of the property.

Three months before the expiration of the lease, to wit, on September 28, 1939, Desanka conveyed to defendant her undivided one-third interest in the property by a grant deed. Such deed was recorded January 26, 1940, whereupon defendant instituted his action for a partition of the property, the possession of which he continued to hold until the 30th of August, 1940, when plaintiffs filed this action to recover the rentals due them under the lease. Defendant contends that he ceased to be a tenant of the plaintiff after the expiration of the lease. This contention has no support in the law.

Upon the expiration of the lease, defendant became a tenant by sufferance. (*Hull* v. *Laugharn,* 3 Cal. App. (2d) 310 [39 P. (2d) 478]; *Kaye* v. *M'Divani,* 6 Cal. App. (2d) 132 [44 P. (2d) 371]; *O'Dell* v. *Buttrick,* 126 Cal. 551 [59 Pac. 133].) The deed from Desanka to defendant had no effect upon the relationship of landlord and tenant which had existed prior thereto between plaintiffs and defendant. Inasmuch as defendant became the owner of Desanka's one-third interest, his obligation to pay one-third of the rental due under the lease was thereby extinguished. (*Higgins* v. *California Petroleum & Asphalt Co.,* 109 Cal. 304, 308 [41 Pac. 1087].)

When the relation of landlord and tenant is created between the owners of the fee as tenants in common, he who holds the exclusive possession of the property after the term of the lease, whether his possession was gained by his attornment to his co-owner or by an assignment of the leasehold to him by another, occupies the land as a tenant. Then the same rules apply as in the case of any other tenant holding over. (*Schmidt* v. *Constans,* 82 Minn. 347 [85 N. W. 173, 83 Am. St. Rep. 437].)

An express agreement on the part of the tenant to pay rental during the hold-over is wholly unnecessary to continue the occupant as tenant. Under such circumstances he occupies the premises as a tenant and not in his capacity as co-owner. There is nothing mystical about the relationship of landlord and tenant. The same rules governing that relationship between an owner and a stranger to the title apply to tenants in common when one of them enters into the occupancy of the land as tenant of the other. The relationship between plaintiff and defendant was established by the lease itself. Upon the expiration of its term, defendant, having continued his occupancy, is presumed to have held over under the provisions of the lease providing for such hold-over. (*Carson* v. *Brody,* 56 Neb. 648 [77 N. W. 80, 71 Am. St. Rep. 691].) He

could not by merely continuing in possession extinguish his obligation as a tenant which he had carefully fixed by entering into a written lease providing for the hold-over. By that instrument, he agreed to pay $500 monthly for the use of the premises after the expiration of his term. ▪ However, having acquired the one-third interest of Desanka, his interest as tenant was merged with his interest as one of the three owners as tenants in common. (Civ. Code, § 1933; *Higgins* v. *California Petroleum & Asphalt Co., supra*; *Landis Bros.* v. *Lawrence*, 104 Cal. App. 499, 503 [286 Pac. 177]; *Erving* v. *James H. Goodman & Co.*, 171 Cal. 559 [153 Pac. 945].) From that time forward he was obligated to pay plaintiff only two-thirds of the rental provided to be paid by the lease.

The court found that defendant was indebted to plaintiffs in the sum of $3,416.74, which is two-thirds of the total rentals which would have been due from defendant if he had not acquired Desanka's one-third interest, as tenant, in the land. For the reasons given such finding was justified.

▪ Defendant makes the further contention that the provision for the payment of the monthly rental of $500 in the event he should exercise his privilege to hold over after the expiration of the time is a penalty and therefore is void under sections 1670, 1671, Civil Code. By those statutes a provision in the contract fixing the amount of damage for a breach of an obligation thereby created is void unless from the nature of the case it would be impracticable or extremely difficult to fix the actual damage. Neither the question of penalty nor of liquidated damages is involved in this action.

▪ Upon the expiration of the lease defendant had no further right to remain upon the property except as he might choose to do so as a tenant and under the terms to which he had subscribed. At the time of executing that instrument, both parties were free from obligation to each other. They dealt at arm's length. Deliberately and free from coercion, they made the provision for the rental to be paid for the use of the premises after the expiration of the definite term. This they had the right to do. It is universal practice to include such covenants whereby the tenant may determine the extent of his liability. (*Farley* v. *Knight Light and Soda Fountain Co.*, 223 Ill. App. 317.) Its presence in defendant's lease suggests no reason for holding that the rental fixed for the season of the hold-over provided for a penalty. If the tenant deem such terms oppressive, he is at liberty to leave. He cannot enjoy the benefits of his continued user and at the same time

escape from the obligation which he voluntarily undertook under the claim that such obligation is a penalty. There is no reason why the courts should adjudicate that which the parties have determined by their free, solemn and voluntary act.

Judgment is affirmed.

Wood (W. J.), J., and McComb, J., concurred.