[Civ. No. 5028.   Fourth Dist.   Feb. 4, 1955.]

WILLIAM G. WALTERS, Respondent, v. J. R. DAVISON et al., Appellants.

Mark P. Robinson for Appellants.

Jess G. Sutliff for Respondent.

MUSSELL, J.—This is an action to quiet title to mining claims in Inyo County and to collect money alleged to be due to plaintiff under the terms of a lease. It was stipulated at the trial by defendants (appellants here) that judgment be entered in favor of plaintiff quieting his title to the claims involved, and the only dispute here is as to the amount of the money judgment awarded to plaintiff.

The lease, dated October 8, 1951, is between plaintiff as lessor and defendants as lessees and is for a period of five years and as long thereafter as the lessees shall continue to mine and remove tungsten or other minerals from the premises in commercial quantities. The lessees agree therein to keep accounts of ore mined and sold and pay lessor a royalty of 10 per cent on the mineral or minerals in all ore sold, except that when the tungsten content of ore sold shall exceed 1 per cent, then lessees shall pay to lessor a royalty of 12 per cent on said tungsten. Royalties to be paid on the price received at the mill or stockpile. Lessees agree to pay lessor all royalties due from sale of ore in any calendar month upon the 15th day of the month following. In the event the royalties realized by the lessor in any calendar month do not equal $150, then the lessees shall pay to the lessor an advance royalty equal to the difference between the amount actually realized and $150. All advance royalties so paid shall be deducted from royalties when and if paid in subsequent months. The lessees agreed to enter upon the claims and to work the same in a manner necessary to good and economical mining. The lessees have the right to cancel the lease "upon 30 days written notice to lessor and to move all portable property." The lease further provides:

"In the event of the lessor taking exception to the manner in which above mentioned claims are operated, or to other alleged violations of this agreement, lessor may serve upon lessees by registered mail written notice addressed to lessees at said lessees' designated place of business, setting forth said violations. If said allegations are found to be correct then the lessees shall correct the practices complained of within thirty (30) days from date of said notice, or this agreement shall be cancelled and claims returned to lessor with the

exception of portable property which shall be retained by lessees."

Defendants took possession of the property under the lease and made the monthly payments to Walters of $150 per month for each of the months beginning October, 1951, through May, 1952, paying a total of $1,200. No further payments were made by defendants. In February, 1952, plaintiff wrote to them complaining about their failure to develop the property and again on June 3, 1952, wrote to them stating, among other things, that the lease would be terminated unless the assessment work was begun by June 9. Defendants completed the assessment work by June 30, 1952, and upon completion thereof gave orders to their workman to cease all further operations on the claim and to return the key to the claim site cabin to plaintiff. No notice was given to plaintiff by defendants that they intended to cancel the lease or that they were in fact abandoning the property. On July 5th the workman (Bronson) delivered the cabin key to Walters and told him that he (Bronson) had been instructed to discontinue all work on the claims. No further work was done on the property and no payments were thereafter made as provided in the lease.

On October 29, 1952, Walters served on defendants a notice of default stating, among other things, that:

"The undersigned does hereby give notice pursuant to the terms of said agreement that the same is now terminated to take effect at the expiration of thirty (30) days after this written notice shall have been served upon you by registered mail unless the above mentioned default shall have been corrected within said thirty (30) day period and if not so corrected, the said lease will be terminated as aforesaid and demand is made upon you to execute and deliver to the undersigned a Quit Claim Deed covering the mines and mining claims described in said lease."

Defendants failed to correct the default and did not execute the quitclaim deed demanded. Plaintiff then filed the present action.

The trial court found that "J. R. Davison and H. A. Leatart failed and refused to pay to the plaintiff the sum of $150.00 per month as provided in said lease, for the months commencing July 15th, 1952, to and including December 15th, 1952, or, six months, amounting to the sum of $900.00, and failed to pay plaintiff $150.00 per month as provided in said lease commencing January 15th, 1953, to the date of trial,

to wit July 21st, 1953, or seven months and six days amounting to $1,080.00, making a total of $1,980.00.'' The court further found that defendants failed and refused to return to plaintiff the said mining claims or any part thereof and that it was not true that plaintiff had ejected defendants from the premises. Judgment was entered against defendants for the sum of $1,980, and appellants' sole contention is that the judgment is erroneous in part, in that it purports to award minimum monthly royalty payments of $150 per month for the months of December, 1952, through July, 1953, or an excess of $1,080. It is argued that nowhere in the findings of fact is it found that appellants had failed to return said mining claims beyond the date of the filing of the complaint on January 23, 1953. This argument is not supported by the record for the court found that the allegations of paragraph six of the second cause of action were true and it is therein alleged that defendants have refused to return said mining claims to plaintiff. The complaint alleged the amount due plaintiff to the approximate time of the filing of the action and plaintiff prayed for the amount then due together with $150 per month from January 15, 1953, until the said mining claims were returned to plaintiff. Since the findings that the claims were not returned to plaintiff and that plaintiff had not ejected defendants from the premises are supported by substantial evidence and since the undisputed evidence is that defendants made no payments on the property after December 15, 1952, the judgment awarding plaintiff $1,080 for delinquent payments to the time of trial was proper. The evidence indicates that the defendants held the mining claims to the date of trial and in their amended answer and counterclaim they admitted that they then claimed an interest in the property. Under such circumstances they were obligated to pay the monthly minimum payments specified in the lease.

Appellants argue that the lease was terminated pursuant to the notice of default on November 29, 1952, and that they were not thereafter liable for the minimum monthly payments. However, one of the provisions of the lease relating to cancellation is that ''If said allegations (of alleged violation) are found to be correct, then the lessees shall correct the practices complained of within 30 days from the date of said notice or the agreement shall be canceled and claims returned to the lessor with the exception of portable property which shall be retained by lessees.'' One of the conditions

of cancelation was that the claims be returned to plaintiff. Defendants failed and refused to perform this condition and continued to retain the property under the terms of the lease, thereby incurring liability for the minimum royalty payments in dispute. The lessees were also given the right under the lease to cancel it "upon 30 days written notice to lessor and to remove all portable property." There is no indication in the record that defendants sought cancelation of the lease under this provision. Defendants were liable to pay the minimum monthly royalty until they had restored full and complete possession of the property to the lessor. (*Schilling* v. *Holmes*, 23 Cal. 227, 230; *Vucinich* v. *Gordon*, 51 Cal.App.2d 434, 437 [124 P.2d 868].)

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.